*Supp. 3 Opinion
COLE, J.
 Plaintiff brought this action to recover for medical services rendered to defendant Joyce Slade in Los Angeles. Defendants appeal from the denial of their motion to change venue to the Municipal Court for the Central Orange County Judicial District. In support, defendants declared that each of them resided in Orange County at all pertinent times. In opposition, plaintiff and his counsel declared that an agreement to pay was entered into between himself and defendants at his office in Los Angeles at 11600 Wilshire Boulevard, and that both his and the defendants’ obligations were to be (and his were) performed in Los Angeles County.[1]
The issue is whether venue is governed by section 395, subdivision (a) of the Code of Civil Procedure, or by subdivision (b) of that section. If, as defendants urge, the latter controls, then the trial court was in error in denying the motion.
In pertinent part, subdivision (a) provides “. . . . Subject to the provisions of subdivision (b), when a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed or in which the contract in fact was entered into or the county in which the defendant or any such defendant resides at the commencement of the action shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary...
Subdivision (b) reads: “Subject to the power of the court to transfer actions or proceedings as provided in this title, in an action founded upon an obligation of the defendant for goods, services, loans or extensions of credit intended primarily for personal, family or household use, other than an obligation described in Section 1812.10 or Section 2984.4 of the Civil Code, the county in which the defendant in fact signed the contract, the county in which the defendant resided at the *Supp. 4 time the contract was entered into, or the county in which the defendant resides at the commencement of the action is the proper county for the trial thereof.” The Civil Code sections mentioned have no application to a physician’s claim for payment for his services.
Subdivision (b) was added to section 395 in 1971. It relates to consumer obligations. (2 Witkin, Cal.Procedure (1975 Pocket Supp.) pp. 58, 61.) The Civil Code sections excepted from its operation (the Unruh and Rees-Levering Acts) cover specialized aspects of consumer obligations. The Unruh Act expressly excludes from its scope the services of physicians. (Civ. Code, § 1802.2.) Claims based upon such services, however, clearly are “an obligation of the defendant for . . . services . . . intended primarily for personal. . . use. . . .” The trial court should have applied subdivision (b) to the case at hand. So doing, since there is no signed contract between plaintiff and defendants, Orange County is the proper county for trial.
The order refusing to change the place of trial is reversed with directions to transfer the action to the Municipal Court for the Central Orange County Judicial District.
Appellants to recover their costs on appeal.
Holmes, P. J., and Alarcon, J., concurred.

Defendant Robert Slade replied, in a declaration ambiguously drawn, that the subject matter of this lawsuit does not concern an agreement to pay entered into at 11600 Wilshire Boulevard, Los Angeles; that defendants did not contract for the performance of plaintiff’s services within the Los Angeles Judicial District; that the obligation for services performed was not within that district; and that the obligation of defendants to pay was not to be performed there. To the extent that the declarations conflict, we are bound by the implied determination of the trial court in favor of plaintiff.